Filed 7/16/26  In re L.G. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| In re L.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B345860 (Super. Ct. No. 2017024834) (Ventura County) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> L.G., <br><br> Defendant and Appellant. |  |

L.G. appeals the juvenile court's disposition order following his admission to voluntary manslaughter (Pen. Code, § 192, subd. (a)) with personal use of a firearm (Pen. Code, § 12022.5, subd. (a)).  Appellant contends:  (1) the court incorrectly set his maximum confinement time at 16 years; (2) appellant's predisposition credit should be corrected; and (3) the court imposed vague and/or overbroad conditions regarding weapons

and controlled substances. We conclude appellant's maximum confinement period is 10 years and the challenged conditions are overbroad. We will modify the disposition order accordingly and otherwise affirm.

PROCEDURAL BACKGROUND[1]

In July 2017, a Welfare and Institutions Code[2] section 602 petition was filed alleging appellant committed murder (Pen. Code, 187, subd. (a)) and personally and intentionally discharged a firearm causing great bodily injury or death (*id*., § 12022.53, subd. (d)). In 2018, appellant was transferred to adult criminal court, but the juvenile court case ultimately resumed in 2023.

In March 2025, an amended section 602 petition was filed. On April 7, 2025, appellant admitted he committed voluntary manslaughter (Pen. Code, § 192, subd. (a)) and personally used a firearm in committing that offense (*id*., § 12022.5, subd. (a)).[3]

At the disposition hearing on April 28, 2025, the court followed probation's recommendation, "which is a total commitment of 6,028 days, 392 in the juvenile facility with 392 credits followed upon 5,636 days in the Ventura County Jail with credit for 2,453 days actual time served." The court also stated appellant had 2,845 days of actual time served "[w]ith respect to

---

[1] We do not discuss the underlying facts because they are not relevant to this appeal.

[2] Undesignated statutory references are to the Welfare and Institutions Code.

[3] Although the petition lists, and appellant admitted, a special allegation under Penal Code section 12022.5, subdivision (a)(1), no such subdivision exists. The correct subdivision is Penal Code section 12022.5, subdivision (a).

the 5,636 days in custody . . . ." The minute order states appellant's maximum confinement time is 16 years, and the section 602 wardship shall expire two years from date of disposition.

Probation later indicated its disposition report had, at one point, incorrectly recommended 2,845 days of credit for the time to be served in jail. At a May 14, 2025 hearing, the court corrected appellant's jail credits to 2,453 days as of April 28, 2025.

DISCUSSION

*Maximum Confinement Period*

Like the parties, we conclude appellant's maximum confinement period is 10 years, not 16 years. Section 726, subdivision (d)(1) provides that "[i]f the minor is removed from the physical custody of the minor's parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the middle term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." (§ 726, subd. (d)(1).)

Section 726 defines the "'maximum term of imprisonment'" as "the middle of the three time periods set forth in paragraph (3) of subdivision (a) of Section 1170 of the Penal Code, . . . plus enhancements . . . ." (§ 726, subd. (d)(2).) To the extent section 726 is ambiguous, "we think it logical that the method for selecting the term for the underlying offense should apply in selecting the term for an enhancement." (*In re George M.* (1993) 14 Cal.App.4th 376, 381 [interpreting prior version of section 726].) Thus, an enhancement's middle term sets the maximum.

3

Here, the middle term for voluntary manslaughter is six years.  (Pen. Code, § 193, subd. (a).)  The middle term for the Penal Code section 12022.5, subdivision (a) firearm enhancement is four years.  (Pen. Code, § 12022.5, subd. (a).)  Therefore, appellant's maximum confinement period is 10 years.

The juvenile court ordered a total commitment of 6,028 days, which exceeds even the 16-year maximum confinement time in the court's minute order.  Rather than expressing the commitment in days, we will modify the disposition order such that appellant's total commitment is for the maximum confinement period of 10 years.  (Cf. *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15 [remand unnecessary where maximum sentence had been imposed].)

*Credits*

Appellant argues the juvenile court ultimately miscalculated his credits.  We disagree.

"'[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing.'"  (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085.)  Appellant was in custody from July 15, 2017 until the April 28, 2025 disposition hearing, a period of 2,845 days.  After the May 14, 2025 correction, the juvenile court awarded a total of 2,845 days.  It simply specified the credits applicable to the juvenile facility (392) and jail (2,453).  Appellant will receive 2,845 days of credit (as of April 28, 2025) applied to his 10-year maximum confinement period.

*Probation Conditions*

Appellant's probation conditions included the following: (1) "You shall not possess, nor shall you knowingly associate with anyone who possesses, any weapon, including, but not limited to

4

firearms, pellet or BB guns, chemical weapons, a replica of any weapon, ammunition, or C02 canisters.  You shall not remain in any vehicle where you know anyone has such a weapon or ammunition"; and (2) "You shall not associate with any person who is using or trafficking in any controlled substance, including marijuana."

"'The juvenile court has wide discretion to select appropriate conditions,' but '[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.'" (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.)  "[W]hile we generally review the imposition of probation conditions for abuse of discretion, we review constitutional challenges to probation conditions de novo." (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723.)

The two conditions at issue are overbroad because they encompass people who legally possess weapons and use controlled substances.  We will modify these conditions to specify that they apply only to illegal possession or use.  While the word "trafficking" seems to imply illegal conduct, to remove any doubt, we will also specify that the trafficking must be illegal.

Finally, the condition prohibiting association with those using or trafficking in controlled substances lacks a knowledge requirement.  "[M]odification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*In re Sheena K.* (2007) 40 Cal.4th 875, 892; see also *People v. Garcia* (1993) 19 Cal.App.4th 97, 101-102.)

DISPOSITION

The disposition order is modified as follows:  (1) appellant's total commitment is for the maximum confinement period of 10

years, with credit for 2,845 days as of April 28, 2025; (2) the contested weapons condition now provides, "You shall not possess, nor shall you knowingly associate with anyone who illegally possesses, any weapon, including, but not limited to firearms, pellet or BB guns, chemical weapons, a replica of any weapon, ammunition, or C02 canisters. You shall not remain in any vehicle where you know anyone illegally has such a weapon or ammunition"; and (3) the contested controlled substances condition now provides, "You shall not knowingly associate with any person who is illegally using or illegally trafficking in any controlled substance, including marijuana."

The juvenile court is directed to prepare an amended order and to forward a copy to the appropriate authorities. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

Ferdinand D. Inumerable, Judge
Kevin G. DeNoce, Judge
Superior Court County of Ventura

_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Christopher G. Sanchez and Michael C. Keller, Deputy Attorneys General.